## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|   |   |   |
|---|---|---|
| **BAMI MORENO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-20-535-R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

Before the Court is a "Writ of Mandamus to Compel the Court Reporter's Back-up Audiotapes to be Placed in the Record Pursuant to 28 U.S.C. § 753(b)." (Doc. No. 1). The Court hereby DENIES the Writ.[1]

A writ of mandamus is a "drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotations and citation omitted). Petitioner must establish three elements before the Court may grant a writ of mandamus:

1.  There must be no other adequate means to attain relief.
2.  The petitioner must show that his right to a writ of mandamus is "clear and indisputable."
3.  The issuing court "must be satisfied that the writ is appropriate under the circumstances."

*Id.* at 1187. Petitioner here cannot establish that his right to a writ is clear and undisputable, because the recordings in this case are not a record to which Mr. Moreno is entitled.

---

[1] Mr. Marino names the opposing party as the United States of America; however, as set forth herein, it is apparent that the court reporter is the party to whom any writ, if appropriate, would be directed. The failure to name the appropriate party does not impact the outcome, because the petition lacks merit.

The Court Reporter Act requires a verbatim recording of "all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b) (2012). "The public, including the parties to a suit, have a right of access to the records of a judicial proceeding." *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000). Accordingly, a defendant has the right to access a tape that is an original record of the proceeding. *Id.* at 442. However, "audiotapes that merely back up the court reporter's stenographic record" are the "personal property of the reporter" and are not "judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript." *Id. see also United States v. Davis*, 648 F. App'x 295, 297 (4th Cir. 2016). Furthermore, according to the *Guide to Judiciary Policies and Procedures*, Vol. VI, § 510.40.10(c)(1):

> Backup recordings made by court reporters for their own convenience and not otherwise required by 28 U.S.C. § 753 are the personal property of the court reporter.

"There is no public entitlement to these recordings, or to backup recordings made for the convenience of the court, with the exception of recordings of arraignments, changes of plea, and sentencings filed with the clerk of court, which are covered above in § 510.40.10(b)." *Id.* § 510.40.10(c)(2). Finally, although Defendant contends he recalls certain exchanges with the prosecutor during his cross-examination at trial, the court reporter in this case certified the transcripts as accurate. A transcript in any case bearing a certification by the court reporter is "prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b), *see also United States v. Benchick*, No. 13-20453, 2017 WL 4161106, at *2 (E.D. Mich. Sept. 20, 2017). Defendant's self-serving statements and the statements set forth in the joint affidavit of his parents are insufficient

to establish distrust in the accuracy of the transcript, especially in light of the fact that the trial in this matter concluded more than seven years ago.

For the reasons set forth herein, the Petition for Writ of Mandamus is DENIED.

**IT IS SO ORDERED** this 18th day of September 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE